UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X



09 CIV 2987

ULYSSES DRAYTON,

            Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH
GREGORIO (Shield # 21746), P.O. DAVID
HERNANDEZ (Shield #10450), P.O. ELIZABETH
MARQUEZ (Shield #25946), P.O. MIGUEL
SANCHEZ (Shield # 22744) and P.O.s "JOHN DOE"
#1-10 (said names being fictitious, as the true names
are presently unknown), Individually and in
their Official Capacities.

            Defendants.
------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, ULYSSES DRAYTON, by his attorney, K. E. Richman, complaining of

the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK, P.O. JOSEPH GREGORIO (Shield # 21746), P.O. DAVID

HERNANDEZ (Shield #10450), P.O. ELIZABETH MARQUEZ (Shield #25946), P.O.

MIGUEL SANCHEZ (Shield # 22744) and P.O.s "JOHN DOE" #1-10 (said names being

fictitious, as the true names are presently unknown), as Officers of the New York City

Police Department, all acting under color of state law and pursuant to their authority, in

violation of Plaintiffs' rights, as said rights are secured by said statutes and the

Constitutions of the State of New York and the United States.

1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, ULYSSES DRAYTON, was a resident of New York, NY.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants P.O. JOSEPH GREGORIO (Shield # 21746), P.O. DAVID HERNANDEZ (Shield #10450), P.O. ELIZABETH MARQUEZ (Shield #25946), P.O. MIGUEL SANCHEZ (Shield # 22744) and P.O.s "JOHN DOE" #1-10 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD") and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.

## FACTS

11. On or about August 26, 2008 at approximately 12:09 am on the corner of West 127th Street and 8th Avenue, County and State of New York, Plaintiff ULYSSES DRAYTON, was falsely arrested.

12. Plaintiff ULYSSES DRAYTON is a 21 year-old African American male.

13. At the above-mentioned location, Defendants P.O. DAVID HERNANDEZ (Shield # 10450) and P.O.s "JOHN DOE" #1-5 stopped ULYSSES DRAYTON for an undisclosed reason. Defendants asked to search ULYSSES DRAYTON while Defendants shouted obscenities. ULYSSES DRAYTON was pushed against a wall and hit in the face

repeatedly by Defendants. In an attempt to defend himself from the attack, ULYSSES DRAYTON kept his arms close to his body in order to protect himself from bodily harm.

14. ULYSSES DRAYTON was arrested and accused of Resisting Arrest (Penal Law § 205.30) and Disorderly Conduct (Penal Law § 240.20(3)) by P.O. DAVID HERNANDEZ and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown).

15. As a result of the excessive force by the Police Officers, Plaintiff sustained a non-displaced fracture to his left elbow.

16. At the Precinct, the Police Officers filled out false police reports and provided false and misleading information to the prosecution which implicated Plaintiff in the commission of a crime.

17. On or about August 26, 2008, Plaintiff was arraigned on misdemeanor charges in New York Criminal Court under Docket Number 2008NY063368. Plaintiff was released on his own recognizance.

18. As a result of the false claims against him, Plaintiff spent nearly 24 hours in custody.

19. Approximately one month later, on September 30, 2008, at approximately 10:30 pm on the corner of West 132nd Street and Fredrick Douglass Boulevard, County and State of New York, Plaintiff ULYSSES DRAYTON, was again falsely arrested.

20. At the above-mentioned location, Defendants P.O. JOSEPH GREGORIO (Shield # 21746), P.O. ELIZABETH MARQUEZ (Shield # 25946), P.O. MIGUEL SANCHEZ (Shield # 22744) and P.O.s "JOHN DOE" #6-10 stopped ULYSSES DRAYTON for an undisclosed reason.

21. As Defendants searched ULYSSES DRAYTON and began shouting obscenities at him while pushing him against the wall. Defendants then struck ULYSSES DRAYTON multiple times on the head with nightsticks, as well as punching and kicking him all over his body.

22. ULYSSES DRAYTON was arrested and accused of Consumption of Alcohol in a Public Place (AC10.125 (b)), Resisting Arrest (Penal Law § 205.30) and Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01(2)) by P.O. JOSEPH GREGORIO, P.O. ELIZABETH MARQUEZ, P.O. MIGUEL SANCHEZ and P.O.s "JOHN DOE" #6-10 (said names being fictitious, as the true names are presently unknown).

23. At the Precinct, the Police Officers filled out false police reports and provided false and misleading information to the prosecution which implicated Plaintiff in the commission of a crime.

24. On or about October 1, 2008, Plaintiff was arraigned on misdemeanor charges in New York Criminal Court under Docket Number 2008NY072723. Plaintiff was released on his own recognizance.

25. As a result of the false claims against him, Plaintiff spent nearly 24 hours in custody.

26. On January 6, 2009, both matters were dismissed by the Honorable Judge Mandelbaum of the Criminal Court of the City of New York.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

27. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

29. All of the aforementioned acts deprived Plaintiff ULYSSES DRAYTON, of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

35. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to unreasonably arrest Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

37. As a result of Defendants' aforementioned conduct, Plaintiff ULYSSES DRAYTON, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and they were put in fear for their safety and subjected to handcuffing, and other physical restraints, without probable cause.

39. As a result of their false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

42. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

44. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

45. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

46. The criminal proceedings against Plaintiff were terminated in favor of Plaintiff on January 6, 2009.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

48. Defendants issued legal process to place Plaintiff under arrest.

49. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

50. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

52. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

53. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

54. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body. Plaintiff also sustained injuries to his elbow which caused him to be unable to work and required extensive physical therapy.

55. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SEVENTH CLAIM FOR RELIEF:
### ASSAULT

56. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

57. By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

58. As a consequence thereof Plaintiff, ULYSSES DRAYTON, has been injured.

### EIGHTH CLAIM FOR RELIEF:
### BATTERY

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

60. By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

61. As a consequence thereof Plaintiff, ULYSSES DRAYTON, has been injured.

### NINTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

63. P.O. JOSEPH GREGORIO (Shield # 21746), P.O. DAVID HERNANDEZ (Shield #10450), P.O. ELIZABETH MARQUEZ (Shield #25946), P.O. MIGUEL SANCHEZ (Shield # 22744) and P.O.s "JOHN DOE" #1-10 (said names being fictitious, as the true names are presently unknown) arrested Plaintiff ULYSSES DRAYTON, despite a complete lack of cause against him, notwithstanding their knowledge that said violations would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

64. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

66. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

67. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff ULYSSES DRAYTON.

68. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff ULYSSES DRAYTON, as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff ULYSSES DRAYTON, as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff ULYSSES DRAYTON.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

72. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

73. All of the foregoing acts by Defendants deprived Plaintiff ULYSSES DRAYTON, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. Not to have cruel and unusual punishment imposed upon him; and

    f. To receive equal protection under the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
            March 27, 2009

                                      Respectfully submitted,

                                      _/s/ K.E.R._

                                      K. E. RICHMAN, ESQ.
                                      *Attorney for Plaintiff*
                                      Law Office of K. E. Richman LLP
                                      875 Avenue of the Americas, 18th Floor
                                      New York, NY 10001
                                      (212) 687-8291